# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MYOSHI ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| DELANOR, KEMPER | ) | |
| & ASSOCIATES, LLC, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MYOSHI ROBINSON, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, DELANOR, KEMPER & ASSOCIATES, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the OCSPA, Ohio Rev. Code § 1345.01, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Quickest Cash.

6. On information and belief, Defendant is a limited liability company of the State of Georgia, which is not licensed to do business in Ohio and which has its principal place of business in Atlanta, Georgia.

**COUNT I**

(Violation of the Fair Debt Collection Practices Act)

7. During or about January of 2009, a representative of Defendant, who identified himself as Investigator Hudson (hereinafter "Hudson"), placed a phone call to the home of Plaintiff's mother, Mitchella Robinson, in an attempt to collect the above-mentioned debt. Hudson stated to Plaintiff's mother that he was looking for Plaintiff because Plaintiff had committed check fraud and that he was attempting to collect a debt from Plaintiff. Hudson gave Plaintiff's mother a phone number and asked Plaintiff's mother to contact Plaintiff and request that Plaintiff call him back.

8. Plaintiff's mother, fearing that her daughter was in trouble with the law, contacted Plaintiff and gave Plaintiff the phone number at which she could contact Hudson.

9. When Plaintiff called Hudson, she discovered that he was a representative of Defendant who was attempting to collect the above-mentioned debt. However, during this conversation between Hudson and Plaintiff, Hudson never advised formally Plaintiff that he was a debt collector attempting to collect a debt and that any information obtained from Plaintiff would be used for that purpose.

10. Defendant never provided Plaintiff with the written notice required by 15 U.S.C. § 1692g(a).

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Representing or implying that nonpayment of the alleged debt would result in the arrest and/or imprisonment of Plaintiff, in violation of 15 U.S.C. § 1692e(4);

   b. Falsely representing or implying that Plaintiff had committed a crime and/or other disgraceful conduct, in violation of 15 U.S.C. § 1692e(7);

   c. Using false representations or deceptive means to attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

   d. Improperly communicating with a third party, in violation of 15 U.S.C. §§ 1692b(1) and (2), and 1692c(b);

   e. Failing to send to Plaintiff the written notice required by 15 U.S.C. § 1692g(a); and

   f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MYOSHI ROBINSON, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for each violation of the FDCPA;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

16. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, MYOSHI ROBINSON, respectfully prays for judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

    Respectfully Submitted,

    /s/ David B. Levin
    David B. Levin (0059340)
    Mitchel E. Luxenburg (0071239)
    Attorneys for Plaintiff
    Luxenburg & Levin, LLC
    23240 Chagrin Blvd., Suite 601
    Beachwood, OH 44122-5452
    (888) 595-9111, ext. 711 (phone)
    (866) 382-0092 (facsimile)
    David@LuxenburgLevin.com